BORELLO'S CASE.

Cumberland.   Opinion September 9, 1926.

*The compensation provided for in Section 16 of the Compensation Act is not necessarily based on the presumption that the injured workman previously had a normal arm, leg, hand or eye. If he had an eye capable of performing the ordinary functions, even though its normal efficiency was impaired and as the result of an accident its vision was reduced below one tenth of the normal vision, he is entitled to compensation under Section 16.*

On appeal. A compensation case. Under an agreed statement, before the injury complained of the petitioner had sixty-four per cent. visual efficiency in the right eye. After the injury, which resulted from getting a piece of rock in his right eye while working.as a stone mason, the eye became impaired until he had no visual efficiency in the eye. The question involved was as to whether the petitioner having less than a normal eye before the injury was entitled to compensation as though he had a normal eye. Compensation of $18 per week for one hundred weeks was awarded and from an affirming decree an appeal was taken. Appeal dismissed. Decree below affirmed with costs.

The case appears in the opinion.

*Bernard A. Bove*, for petitioner.

*Hinckley, Hinckley & Shesong*, for respondents.

SITTING:    WILSON, C. J., PHILBROOK, DEASY, BASSETT, PATTANGALL, JJ.

WILSON, C. J.   The petitioner was injured July 30, 1925 by a rock striking him in the eye while in the employ of the respondent, who was an assenting employer under the Workman's Compensation Act. On September 9, 1925, the petitioner entered into an "open end" agreement with the insurance carrier to pay him compensation during the period of incapacity, and sometime prior to February, 1926 filed a petition to determine the extent of permanent impairment of the vision of the eye under the last paragraph of Section 16 of the Act.

At the hearing before the full Commission, it was agreed between all the parties that there was a permanent impairment to the extent of a loss of all efficient vision of the injured eye, but that prior to the accident, the vision of the injured eye was only sixty-four per cent. of normal. Upon this agreement as to the result of the injury, the Commission held that there was a permanent total impairment of the injured eye which entitled the petitioner to compensation as for the loss of an eye under Section 16 of the Act.

From the decree of the Justice below in accordance with the Commission's findings, the respondent appealed, on the ground that the petitioner, not having a normal eye when injured, was entitled only to compensation proportionate to the percentage of normal vision lost by the accident, or sixty-four per cent of the compensation specified in the Act "for the loss of an eye."

It is not necessary to decide the appropriate form of petition under the circumstances of this case. No question is raised as to procedure. However, a petition to determine the extent of permanent impairment of an eye is not improper, even though the Commission find there was a total permanent impairment. The extent of the impairment of vision and whether permanent may not be determinable, except upon hearing and expert testimony, and if upon hearing, the full Commission find the impairment permanent and total, there seems to be no good reason why it should not so declare.

The compensation provided for in Section 16 of the Act is not necessarily based on the presumption that the injured workman previously had a normal arm, leg, hand, or eye. If he had an arm, leg, hand, or eye capable of performing the ordinary functions of such members, even though its normal efficiency was impaired, and as a result of an injury the arm, leg, or hand is severed, or the sight of an eye is reduced to or below one tenth of the normal vision, he would be entitled to compensation for total incapacity for the specified period fixed in Section 16.

What percentage of normal vision above one tenth, it is necessary for an employee to have, so that if reduced by injury to or below one tenth, he can be said, within the meaning of Section 16, to have lost an eye, it is not now necessary to determine.

The Commission was clearly right in holding that a loss of all efficient vision of an eye, previously sixty-four per cent. normal,

entitled the petitioner to compensation as "for the loss of an eye." *Purchase* v. *G. R. R.*, 194 Mich., 103; *Hobestis* v. *Columbia Shirt Co.*, 186 N. Y., App. Div., 397.

> *Appeal dismissed.*
> *Decree below affirmed with costs.*